UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY LEE BOSTON,

      Petitioner,

v.                    Case No. 8:13-CV-2389-T-24TBM
                                    8:06-CR-259-T-24TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

O R D E R

    This cause comes on for consideration of Petitioner's Motion under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV-D-1; CR-D-77).

    On June 29, 2006, Petitioner was charged by way of an Indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and possession of a firearm from which the manufacturer's serial number had been removed, obliterated and altered, and which had been shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). On December 5, 2006, Petitioner was convicted of both counts of the Indictment after a jury trial. On February 21, 2007, the Court sentenced Petitioner to a term of imprisonment of 262 months as to Count One and 60 months as to Count Two to run concurrent. Petitioner appealed. On October 4, 2007, Eleventh Circuit Court of Appeals affirmed Petitioner's

conviction and sentence.  United States v. Boston, 249 Fed. Appx. 807 (11th Cir. 2007) (per curiam).  The United States Supreme Court denied Petitioner's petition for certiorari.  Boston v. United States, 128 S.Ct. 1307 (2008).

In July, 2008, Petitioner timely filed his first § 2255 motion claiming ineffective assistance of counsel.  In October 2008, the Court denied Petitioner's motion.  He did not appeal.

On September 16, 2013, the Court received Petitioner's second § 2255 motion.  Petitioner argues that his Sixth Amendment rights were violated when he was sentenced as an armed career criminal based on facts found by a judge rather than a jury.  Petitioner relies on Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151 (2013).  In Alleyne, the Supreme Court, in overruling Harris v. United States, 536 U.S. 545 (2002), found that "any fact that increases the mandatory minimum is an "element" that must be submitted to a jury."  Alleyne, 133 S.Ct. at 2155.

A federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court.  Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005).  Petitioner has not demonstrated that he has met the foregoing requirement.  Thus, the Court lacks

jurisdiction to consider Petitioner's claim under § 2255.[1]

It is therefore ORDERED that:

1)    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Title 28 U.S.C. § 2255 (CV-D-1; CR-D-77) is DISMISSED for lack of jurisdiction.

2)    The Clerk is directed to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id. "A [COA] may issue  … only if the applicant has made a substantial showing of the denial of a constitutional right."   Id. at § 2253(c)(2).   To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529

---

[1] Even if the Court had jurisdiction, it appears that Petitioner would not be entitled to relief.  In this regard, the Eleventh Circuit recently rejected a claim that an ACCA-enhanced 15-year mandatory minimum sentence violated a defendant's Sixth Amendment rights.  United States v. Flowers, --- Fed.Appx. ----, 2013 WL 4046024 (11th Cir. Aug. 12, 2013) (per curiam) (the court found reliance on Alleyne unavailing).

U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 25th day of September, 2013.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

4